EXHIBIT B



# CONTINUING GUARANTY
(Individual)

In order to induce SIGNATURE BANK (which together with its successors, endorsees and assigns, is hereinafter called "Bank") to make such advances, loans or extensions of credit, directly or indirectly, to ALBERT M. LEFKOVITS (hereinafter, whether one or more, called "Borrower"), and in consideration thereof and of any loans, advances, or other financial accommodations heretofore or hereafter granted by Bank to or for the account of Borrower, and to grant to Borrower such renewals, extensions, forbearances, releases of collateral or other relinquishments of rights as the Bank may deem advisable, and for other valuable consideration, the receipt of which is hereby acknowledged, the undersigned ALBERT M. LEFKOVITS (hereinafter called "Guarantor") who, if more than one, shall be jointly and severally liable hereunder, hereby absolutely unconditionally guaranties to Bank the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, the full and prompt payment and performance by Borrower of all of Borrower's Indebtedness (as hereinafter defined) and obligations to Bank, whether now existing or hereafter arising from time to time, and promise to pay to Bank, or order, on demand, in lawful money of the United States, all of Borrower's Indebtedness to Bank, and all costs and expenses, including attorneys fees and legal expenses, paid or incurred by Bank in endeavoring to collect the Indebtedness, or any part thereof, and in enforcing this Continuing Guaranty. All payments made in connection with this Guarantee shall be in lawful money of the United States of America in immediately available funds.

1. **Definition of Indebtedness.** The term "Indebtedness" is used herein in its most comprehensive sense and includes the principal of and interest on and all other sums payable with respect to any and all advances, debts, obligations and liabilities of Borrower to Bank (including any interest which, but for the application of the provisions of the U.S. Bankruptcy Code, would have accrued on such amounts), heretofore, now or hereafter made, incurred, created, or arising, whether originally contracted with the Bank or with another and transferred to the Bank or otherwise acquired by the Bank, whether direct or indirect, absolute or contingent, voluntary or involuntary, due or to become due, liquidated or unliquidated, determined or undetermined, secured or unsecured, matured or unmatured however created, arising, or evidenced, whether Borrower may be liable thereon individually or jointly with others, and whether Borrower or any other party or person has any right or power to assert any claim or defense to the validity or enforceability thereof.

2. **Termination.** This Continuing Guaranty is continuing, unlimited, absolute, and unconditional. This Continuing Guaranty may be terminated by Guarantor



Gty-Ind.600008-1107  -1-  600008-1107

only by an express, written notice to Bank of termination, and no notice of termination shall be effective until it is actually received by Bank. No notice of termination shall affect or impair the obligations of Guarantor with respect to any Indebtedness existing on the date Bank receives such notice, any interest thereon, or any expenses paid or incurred by Bank in endeavoring to collect the Indebtedness or any part thereof, or in enforcing this Continuing Guaranty. No notice of termination by Guarantor shall affect or impair the obligations of any other guarantor of the Indebtedness. No payment by Guarantor shall reduce Guarantor's obligations hereunder unless written notice to that effect is received by Bank at or prior to Bank's receipt of such payment.

3. **Obligations**. Guarantor's obligations hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against Guarantor, irrespective of whether an action is brought against Borrower or whether Borrower is joined in any such action or actions. Guarantor waives the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement hereof.

4. **Indemnity**. Guarantor agrees to indemnify and hold Bank harmless from and against all claims, actions, causes of action, demands, obligations, liabilities, losses, costs, and expenses in connection with, on account of, or in any way relating to or arising from Bank's transactions with Borrower; provided that the foregoing indemnification shall not extend to liabilities, damages, losses, obligations, judgments and expenses arising from the gross negligence or willful misconduct of Bank.

5. **Continuation of Terms**. This Continuing Guaranty shall not be affected or impaired by any modifications, supplements, extensions or amendments of any contract or agreement to which the parties thereto may hereafter agree, nor by any modifications, releases or other alterations of any of the Indebtedness hereby guarantied or of any security therefor, nor by any agreements or arrangements whatever with Borrower or anyone else.

6. **Authorization**. Guarantor authorizes Bank, without notice or demand and without affecting Guarantor's liability hereunder, from time to time and any number of times, to take any or all of the following actions:

(a) renew, compromise, extend, accelerate or otherwise change the time for payment of, or otherwise change the terms of the Indebtedness or any part thereof, including increase or decrease of the rate of interest thereon;

(b) take and hold security for the payment of this Continuing Guaranty or the Indebtedness, and exchange, enforce, waive and release any such security;

(c) apply such security and direct the order or manner of sale thereof as Bank in its discretion may determine;

(d) release or substitute any other guarantors, sureties, or endorsers of the Indebtedness; and

(e) assign, without notice, this Continuing Guaranty in whole or in part, or Bank's rights hereunder, to anyone at any time.

7. **Waivers.** Guarantor waives all rights and defenses arising out of an election of remedies by Bank, even though that election of remedies, such as nonjudicial foreclosure with respect to security for the Indebtedness guarantied hereunder, has destroyed Guarantor's rights of subrogation and reimbursement against Borrower. Guarantor waives any right of subrogation, contribution, indemnity or reimbursement that Guarantor has or may have against Borrower with respect to the Indebtedness guarantied hereunder until such time as the Indebtedness guarantied hereunder has been indefeasibly paid in full. Guarantor waives any right to require Bank to (a) proceed against Borrower; (b) proceed against or exhaust any security held from Borrower; or (c) pursue any other remedy in Bank's power whatsoever. Guarantor waives any defense arising by reason of any disability or other defense of Borrower or by reason of the cessation from any cause whatsoever of the liability of Borrower. Guarantor agrees that nothing shall discharge or satisfy the liability of Guarantor hereunder except the full and indefeasible payment and performance of all of Borrower's Indebtedness and obligations to Bank with interest. Borrower's Indebtedness and obligations shall not be considered indefeasibly paid until all payments to Bank are no longer subject to any right, by any person, to invalidate or set aside such payments or to seek to recoup the amount of such payments or to declare such payments to be fraudulent or preferential. In the event any portion of any such payments shall be set aside or restored, then Guarantor shall be liable for the full amount Bank is required to repay, plus any costs and expenses (including attorneys fees) paid by Bank in connection therewith. Any and all present and future debts and obligations of Borrower to Guarantor are hereby postponed in favor of and subordinated to the full payment and performance of all Indebtedness of Borrower to Bank. Guarantor agrees that Bank's books and records showing the account between Bank and Borrower shall be admissible in any action or proceeding and shall be binding upon Guarantor for the purpose of establishing the items therein set forth and shall constitute prima facie proof thereof. Guarantor waives all presentments, demands for performance, notices of non-performance, protests, notices of protest, notices of dishonor, notices of default, notices of acceptance of this Continuing Guaranty and of the existence, creation or incurrence of new or additional indebtedness, notice of any and all favorable and unfavorable information, financial or other, about Borrower, heretofore, now or hereafter learned or acquired by Bank and all other notices to which Guarantor might otherwise be entitled.

8. **Maintenance of Information.** Guarantor hereby represents to Bank that Guarantor is and will remain informed of the financial condition of Borrower and of all other circumstances which bear upon the risk of non-payment of Borrower's Indebtedness and any other obligations of Borrower guarantied hereby. Guarantor agrees that Bank is not obligated to inform Guarantor of any such circumstances, whether now existing or hereafter arising, and that Bank is not required to inquire into the powers of Borrower or the officers, directors, partners or agents acting or purporting to act on its behalf, and any Indebtedness made or created in reliance upon the professed exercise of such powers shall be guarantied hereunder.

9. **Attorneys Fees.** Guarantor agrees to pay reasonable attorneys fees (including the allocated costs of Bank's in-house counsel) and all other costs and expenses which may be incurred by Bank in the enforcement of this Continuing Guaranty or any claim hereunder or under any other instrument or guaranty.

10. **Amendments In Writing.** No termination or modification of this Continuing Guaranty shall be effective for any purpose unless it is in writing and executed by an officer of Bank authorized to do so.

11. **Demand Payment.** Guarantor agrees that upon the occurrence of any default in payment of the Indebtedness or any "default" or "event of default" shall occur under any of the documents, instruments or agreements executed in connection with the Indebtedness, Guarantor, immediately following a demand for payment from Bank, shall pay Bank the full amount of the Indebtedness guarantied hereunder.

12. **Successors and Assigns.** The death of Guarantor shall not terminate this Continuing Guaranty. This Continuing Guaranty shall be binding upon the heirs, executors, administrators, trustees, beneficiaries, successors and assigns of Guarantor and shall inure to the benefit of Bank, its successors and assigns.

13. **Collateral; Right of Setoff.** As collateral security for the performance of this Guarantee and all other obligations of Guarantor to Bank, whether now or hereafter owed to, or held by, Bank (and/or any entity controlling, controlled by or under common control with Bank, each such entity referred to herein as an "Affiliate"), including, without limitation, the Indebtedness, Guarantor hereby grants to Bank a security interest in and transfers and assigns to Bank the following property: (i) any and all monies and/or other property now or hereafter held by Bank and/or any Affiliate on deposit, in safekeeping, or otherwise, for the account of or to the credit of or belonging to Guarantor or in which Guarantor shall have any interest, (ii) any and all claims and demands, presently existing or hereafter arising, and all interest heretofore or hereafter accrued thereon, and any and all collateral or security interests relating thereto and the proceeds thereof, which Guarantor now has or may hereafter have or acquire against Borrower (such claims and demands referred to herein as the "Claims") and (iii) any and all

property of Guarantor now or hereafter subject to a security agreement, mortgage, pledge agreement, assignment, hypothecation or other document granting Bank or any Affiliate a security interest or other lien or encumbrance and (iv) any and all collateral described in any and all credit accommodations, notes, loan agreements, and any other agreements and documents, now or hereafter existing, creating, evidencing, guaranteeing, securing or relating to any or all of the Indebtedness, together with all amendments, modifications, renewals, or extensions thereof and any additions and accessions thereto and substitutions therefore and the products and proceeds thereof. All of the property described in clauses (i), (ii), (iii), and (iv) above shall be collectively referred to herein as the "Collateral". The term Collateral shall exclude the Guarantor's principal residence and goods with respect to that part of the Indebtedness that is for personal, family or household purposes. Bank at any time may, but shall not be obligated to, transfer into or out of its own name or that of its nominee all or any of the Collateral, including stocks, bonds, and other securities, and Bank or its nominee may demand, sue for, collect, receive and hold as like Collateral any or all interest, dividends and income thereon and if any securities are held in the name of Bank or its nominee. To the extent any Collateral is transferred into the Bank's (or an Affiliate's) own name, Bank, at any time may, but shall not be obligated to, exercise all voting and other rights pertaining thereto as if Bank were the absolute owner thereof, but Bank shall not be obligated to demand payment of, protest, or take any steps necessary to preserve any rights in the Collateral against prior parties, or to take any action whatsoever in regard to the Collateral or any part thereof, all of which Guarantor assumes and agrees to do. Without limiting the generality of the foregoing, Bank shall not be obligated to take any action in connection with any conversion, call, redemption, retirement or any other event relating to any Collateral, unless Guarantor gives written notice to Bank that such action shall be taken not more than thirty (30) days prior to the time such action may first be taken and not less than ten (10) days prior to the expiration of the time during which such action may be taken. At any time, without demand or notice, if permitted by applicable law, Bank may setoff all deposits, credits, collateral and property, now or hereafter in the possession, custody, safekeeping or control of Bank or any of its Affiliates, or in transit to any of them, or any part thereof and apply the same to any of the Indebtedness even though unmatured and regardless of the adequacy of any other collateral securing the Indebtedness. **ANY AND ALL RIGHTS TO REQUIRE BANK TO EXERCISE ITS RIGHTS OR REMEDIES WITH RESPECT TO ANY OTHER COLLATERAL WHICH SECURES THE INDEBTEDNESS, PRIOR TO EXERCISING ITS RIGHT OF SETOFF WITH RESPECT TO SUCH DEPOSITS, CREDITS OR OTHER PROPERTY OF BORROWER OR GUARANTOR, ARE HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVED.**

14. **CHOICE OF LAW AND VENUE.** THE VALIDITY OF THIS CONTINUING GUARANTY, ITS CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT AND THE RIGHTS OF GUARANTOR AND BANK SHALL BE DETERMINED UNDER, GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. GUARANTOR AND BANK

AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS CONTINUING GUARANTY SHALL BE TRIED AND LITIGATED ONLY IN THE STATE COURTS LOCATED IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, THE FEDERAL COURTS WHOSE VENUE INCLUDES THE COUNTY OF NEW YORK, STATE OF NEW YORK, OR, AT THE SOLE OPTION OF BANK, IN ANY OTHER COURT IN WHICH BANK SHALL INITIATE LEGAL OR EQUITABLE PROCEEDINGS AND WHICH HAS SUBJECT MATTER JURISDICTION OVER THE MATTER IN CONTROVERSY. GUARANTOR AND BANK EXPRESSLY SUBMIT AND CONSENT IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR PROCEEDING COMMENCED IN ANY SUCH COURT, AND GUARANTOR AND BANK HEREBY WAIVE ANY OBJECTION WHICH EITHER MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION AND HEREBY CONSENT TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY ANY SUCH COURT. FURTHERMORE, GUARANTOR AND BANK EACH WAIVE, TO THE EXTENT PERMITTED UNDER APPLICABLE LAW, ANY RIGHT EACH MAY HAVE TO ASSERT THE DOCTRINE OF "FORUM NON CONVENIENS" OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION 14.

15. **WAIVER OF JURY TRIAL, SETOFF AND COUNTERCLAIM. GUARANTOR AND BANK MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY, AND GUARANTOR WAIVES THE RIGHT TO INTERPOSE ANY SETOFF OR COUNTERCLAIM, EACH IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS CONTINUING GUARANTY, OR ANY OTHER DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR WITH RESPECT TO THE OBLIGATIONS OF ANY OTHER PERSON OR PARTY (INCLUDING, WITHOUT LIMITATION, BORROWER), OR WITH RESPECT TO ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR BANK TO EXTEND CREDIT TO BORROWER. GUARANTOR AND BANK REPRESENT THAT THEY HAVE REVIEWED THIS WAIVER AND KNOWINGLY AND VOLUNTARILY WAIVE THEIR RESPECTIVE RIGHTS AND RIGHTS AS AFORESAID FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, A COPY OF THIS CONTINUING GUARANTY MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.**

[remainder of page intentionally left blank]

IN WITNESS WHEREOF, the undersigned Guarantor has executed this Continuing Guaranty this 28TH day of NOVEMBER, 2007.

IN THE PRESENCE OF:

_____
Bank Officer

_____
Name: Albert M. Lefkovits, Individually

1040 Park Ave., New York, NY 10028
(Address)

STATE OF NEW YORK)
                 SS:
COUNTY OF New York)

On this 20 day of November, in the year 2007 before me, the undersigned, a notary public, in and for said State, personally appeared Albert M Lefkourts, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that (s)he executed he same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

M. FLEISHER
NOTARY PUBLIC
STATE OF NEW YORK
02FL6139973
EXP 10/31/09

Gty-Ind.600008-1107					- 8 -