EXHIBIT C

# SIGNATURE BANK

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT dated the 28th day of **NOVEMBER, 2 0 0 7** is between **ALBERT M. LEFKOWITS,** whose address is 1040 Park Avenue, New York, NY 10028, ("Borrower") and Signature Bank, having an office at 565 Fifth Avenue, 12th Floor, New York, NY, County of New York and State of New York ("Lender").

Definitions

1. "I", "me", "mine" and "myself" shall mean each person listed above as borrower, "You", "your", and "yours" means Signature Bank.

2. "Cooperative Apartment" means the 542 shares of Capital Stock (the "Stock") of PARK-86 APT. CORP., (the "Corporation") and the related Proprietary Lease to Apartment #1B in the building located at 1040 Park Avenue (the "Building"), in New York County, State of New York.

Loan

On the same date as this Security Agreement I have signed a Note to you for **$1,500,000.00** plus interest, as evidence of the Cooperative Apartment Loan which you made to me. I agree to repay the loan in accordance with the terms of the Note.

Security Interest

As Collateral Security for my debt to you under the Note, I give you a security interest in the Stock and Proprietary Lease to my Cooperative Apartment, in all personal property now used in maintaining or operating the Cooperative Apartment, such as stove, refrigerator and air-conditioners, and all fixtures, which would normally go along with the Cooperative Apartment when it is sold, and in any additions to, substitutions for or replacement of the Stock, the Proprietary Lease or such personal property and fixtures (the "Security") and in the proceeds from any sale or other transfer of all or any part of the Security.

Delivery of Stock and Proprietary Lease

I have delivered to you my Stock endorsed by me blank or accompanied by a Stock Power signed by me in blank and my Proprietary Lease and a blank Assignment of my Proprietary Lease signed by me and you shall have the sole right to possess them until my Cooperative Apartment loan has been paid in full. You will have the right to receive any distribution of capital from the Corporation, which you will use to reduce the amount I owe you. After my Cooperative Apartment Loan has been paid in full, you will return the Stock and Proprietary Lease to me.

In the event that a substitute or Replacement Lease, or an amendment or extension, to the Proprietary Lease pertaining to the Cooperative Apartment is issued, I agree upon its receipt by me to immediately deliver it to you, along with a blank Assignment of such Lease signed by me. In the event that replacement or additional shares of Stock are allocated to the Cooperative Apartment, I agree upon receipt by me to immediately deliver it to you, endorsed by me in blank or accompanied by Stock Power signed by me in blank.

If this is a junior lien transaction, and if required by the prior lien holder ("First Secured Party"), I have delivered to the First Secured Party my Stock endorsed by me in blank or accompanied by a Stock Power signed by me in blank and my Proprietary Lease and a blank Assignment of my Proprietary Lease signed by me. I also have delivered to the First Secured Party and, until the termination of the First Secured Party's security interest, shall, without notice or demand, immediately deliver to the First Secured Party, any replacement, substitute or additional Stock that may be allocated to the Apartment, and any amendments or extensions to, or replacement of or substitute for, the Proprietary Lease.

I have delivered to you on or prior to the date of this Security Agreement a copy of the Stock and the duplicate original of the Proprietary Lease, together with a Stock Power signed by me in blank and an assignment of the Proprietary Lease. Until the termination of the First Secured Party' s security interest, I shall, without notice or demand, immediately deliver to you a copy of any replacement, substitute or additional Stock that may be allocated to the Apartment, and any amendments or extensions to, or replacement of or substitute for, the Proprietary Lease.

I shall authorize the First Secured Party to deliver the Stock and the duplicate original Proprietary Lease (including any replacement, substitute or additional Stock and any amendments or extensions to, or replacement of or substitute for, the Proprietary Lease) then in its possession to you upon the termination of the First Secured Party' s security interest, which authorization shall be irrevocable by me. In the event that the First Secured Party has delivered or shall deliver any of the fore going documents to me, I shall receive such documents in trust for you and promptly deliver them to you. Upon the termination of the First Secured Party' s security interest, I shall thereafter, without notice or demand, immediately deliver to you any replacement, substitute or additional Stock, and any amendments or extensions to, or replacement of or substitute for, the Proprietary Lease.

Payment of Taxes and Performance Under the Proprietary Lease
: I will pay all maintenance charges, taxes, assessments and other charges due on the Cooperative Apartment. I will make all payments required by and perform my obligations under the Proprietary Lease.

Ownership of Stock and Proprietary Lease
: I own the Stock of the Cooperative Apartment and I will not sell, assign or otherwise transfer the Cooperative Apartment without your prior written consent.

Liens or Claims of Others
: No one other than myself owns or has any interest in or claims against the Cooperative Apartment except as follows: , . I will protect the Cooperative Apartment and defend and keep the Cooperative Apartment free of other liens against the claims of all other persons. This Agreement is subject to the trust fund provisions of Section 13 of the New York Lien Law.

Protection of Security
: I will provide, at no cost to you, whatever signed documents you need to establish your security interest in the Cooperative Apartment. I authorize you to prepare and sign such documents on my behalf if my signature is required and to file or record such documents, the Proprietary Lease or this Agreement with such governmental agencies as you consider appropriate, and I will pay all taxes and costs incurred by you in connection with such filings.

Statement of Amount Due
: Within 5 days of a request from you, I will state in writing the amount I believe to be the unpaid balance I owe you and whether or not I believe I have any off setting claims or defenses against the payment of the amount due.

Damage by Fire or Other Casualty
: I will notify you of any damage to my Cooperative Apartment or the Building by fire or other casualty.

Inspection of Cooperative Apartment
You may from time to time inspect my Cooperative Apartment at any reasonable time.

Default
: If any of the following events occur, I will be in default:
(1) If any payment required by the Note is not made on time as required in the Note.
If any payment required by the Proprietary Lease is not made on time, or

If I violate any terms or conditions of the Proprietary Lease, unless I remedy such default in the time and manner provided in the Proprietary Lease.

(2) I give notice to the Corporation or the Corporation gives me notice of termination or cancellation of the Proprietary Lease. office /HM

(3) I no longer use the Cooperative Apartment as my ~~primary residence~~ or I sublet or offer to sublet the Cooperative Apartment without your prior written consent.

(4) The Corporation shall fail to keep the Building insured or to repair or replace to your satisfaction any part of the Building damaged by fire or other casualty.

(5) I fail to repair to your satisfaction any part of my Cooperative Apartment damaged by fire or other casualty.

(6) If I become insolvent or if any proceeding under any insolvency or bankruptcy law is started either by or against me.

(7) If any of the statements I have made in this Security Agreement are not true or if I have not advised you of any substantial claims against me or my property.

(8) If I violate any of the terms and conditions of this Security Agreement.

Consequences of Default
If I default:

(1) You may demand immediate payment of all unpaid amounts under the Note. If you demand payment, you will notify me at the address of the Building by registered or certified mail, return receipt requested. If I do not pay you within 30 days of the mailing of such notice, you will have the right, in addition to your other legal rights, to sell the Security at public or private sale pursuant to the Uniform Commercial Code.

(2) I will immediately vacate my Cooperative Apartment upon demand by you and turn over to you any Security which I have. You may seek to evict me from the Cooperative Apartment.

(3) I lose my right to vote my Stock and I hereby give you my proxy to vote my Stock as you wish in such event.

(4) You may notify me by registered or certified mail, return receipt requested, that you intend to keep the Security. If within 30 days from the mailing of such notice I object by notifying you in writing you must offer the Security for sale. If the net proceeds of any offer received would be large enough to repay the amount I owe you, you must sell the Security. If no offer is large enough you may keep the Security in full satisfaction of my debt.

You may seek appointment of a receiver without notice to me.

> (5) The listing of these consequences of default in no way stops you from using any other rights you may have by law.

Sale of Security After Default

If I am in default and I have not paid you within 30 days after you have notified me of your intention to sell the Security, you may choose the time and place of the sale and determine the terms of the sale. You may sell the Security for cash or on credit and you may make a loan to the purchaser and take a security interest in the Cooperative Apartment. In connection with the sale of the Security, you have the right to complete the incomplete Stock Power and Assignment of Proprietary Lease so that you can transfer the Cooperative Apartment. If you sell the Security, the proceeds shall be applied as follows:

(I) To the expenses of collecting, selling and delivering the Security, including (but not limited to) attorneys' fees, brokerage commissions, transfer fees and taxes;

(2) To the payment of any rent or other charges due under the Proprietary Lease;

(3) To the payment of my debt to you in full;

(4) The surplus, if any, will be paid to me, unless there are other valid claims to this money.

No Sale of Security

If I sell, assign or otherwise transfer the Cooperative Apartment I must repay in full the entire amount due under the Note or this Security Agreement.

Lender's Right of Set-off

If I am in default under the Note or this Security Agreement, in addition to any other rights that you have under the Note and this Security Agreement, you shall have such rights of set-off as may be permitted by applicable law.

Non-liability of Corporation

I agree that the Corporation will not be liable to me if it transfers my Shares and Proprietary Lease as required by this Security Agreement; if it evicts me from the Cooperative Apartment because I am in default under this Security Agreement or if it refuses to transfer my Stock and Proprietary Lease to another person without your consent. I will repay the Corporation for any expenses or liability it may incur from any of these actions.

You may seek appointment of a receiver without notice to me.

    (5) The listing of these consequences of default in no way stops you from using any other rights you may have by law.

Sale of Security After Default

  If I am in default and I have not paid you within 30 days after you have notified me of your intention to sell the Security, you may choose the time and place of the sale and determine the terms of the sale. You may sell the Security for cash or on credit and you may make a loan to the purchaser and take a security interest in the Cooperative Apartment. In connection with the sale of the Security, you have the right to complete the incomplete Stock Power and Assignment of Proprietary Lease so that you can transfer the Cooperative Apartment. If you sell the Security, the proceeds shall be applied as follows:

(I) To the expenses of collecting, selling and delivering the Security, including (but not limited to) attorneys' fees, brokerage commissions, transfer fees and taxes;

(2) To the payment of any rent or other charges due under the Proprietary Lease;

(3) To the payment of my debt to you in full;

(4) The surplus, if any, will be paid to me, unless there are other valid claims to this money.

No Sale of Security

  If I sell, assign or otherwise transfer the Cooperative Apartment I must repay in full the entire amount due under the Note or this Security Agreement.

Lender's Right of Set-off

  If I am in default under the Note or this Security Agreement, in addition to any other rights that you have under the Note and this Security Agreement, you shall have such rights of set-off as may be permitted by applicable law.

Non-liability of Corporation

  I agree that the Corporation will not be liable to me if it transfers my Shares and Proprietary Lease as required by this Security Agreement; if it evicts me from the Cooperative Apartment because I am in default under this Security Agreement or if it refuses to transfer my Stock and Proprietary Lease to another person without your consent. I will repay the Corporation for any expenses or liability it may incur from any of these actions.

### Payment of Expenses

You have the right to make payments for me or to take any action needed to comply with the terms of my Proprietary Lease or to protect or defend your Security. If you make any payments or incur any expenses in taking such action, including your attorneys' fees equal to 20% of the amount due you, I will repay you with interest at the maximum legal rate, at your request. All of these payments and expenses will be part of my total debt to you and may be paid from the proceeds of the sale of the Security.

### Right to Assign

You have the right to assign this Security Agreement and your rights to the Security to another lending institution or person without my consent.

### My Responsibilities, Before and After Default

I am a shareholder and lessee of the Corporation and as such I acknowledge it to be solely my responsibility to comply with all the terms and conditions of the Proprietary Lease, and until there is a default by me under this Agreement or the accompanying Note and you have demanded payment in full it shall also be solely my responsibility to make all required payments under the said Lease. You agree that until there is a default under this Agreement and you have demanded payment in full, and except as otherwise provided in this Agreement, I shall have all the rights and privileges of a shareholder and lessee. If there is a default by me I shall continue to have and exercise all the responsibilities of a shareholder and lessee, except as otherwise provided in this Agreement.

### More than One Signer

If more than one person signs this Security Agreement, each signer will be fully responsible for complying with its terms.

### Who is Covered by Agreement

My legal representatives, my executors, administrators and heirs will be responsible for carrying out the terms of this Security Agreement.

### Amending the Agreement

This Security Agreement contains the full understanding between you and me and may only be changed in writing.

### Governing Law

This Agreement is governed by federal law, and to the extent not preempted by federal law, the Law of Delaware. Matters related solely to the enforcement of your lien on my primary or secondary residence shall be governed by the law of the state in which the property is located.

Notice
All notices and demands are to be sent by certified or registered mail, return receipt requested (i) to me at the Cooperative Apartment address set forth above, and (ii) to you at the address set forth above. All notices shall be deemed to have been received two (2) business days after mailing.

_____
ALBERT M. LEFKOVITS

State of New York )
                 ) ss.:
County of New York )

On the ___ day of November in the year 2007 before me, the undersigned, personally appeared, Albert M. Lefkovits personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual (s) acted, executed the instrument.

_____
DAVID M. FLEISHER
NOTARY PUBLIC
STATE OF NEW YORK
02FL6135976
EXP 10/31/09

Signature Bank                                    7